HENNESSY & WALKER GROUP, P.C.
217 Washington Street
Toms River, New Jersey 08753
(732) 505-4800

Attorneys for Plaintiff
File No.: 1005-67

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

09 OCT 20 AM 9: 52

JAMES J. WALDRON

BY:_____
DEPUTY CLERK

:  UNITED STATES BANKRUPTCY
:  COURT, DISTRICT OF NEW JERSEY
:
In re: James D. & Lisa M. Wright        :
:  CHAPTER 13 BANKRUPTCY
     Debtors                            :
:  Case No.: 09-21247 (RTL)
:
:  CERTIFICATION IN OPPOSITION TO
:  MOTION FOR SANCTIONS AND
:  DAMAGES

**I, Robert W. Allen,** by way of certification in opposition to the Motion of

Debtors seeking sanctions and damages hereby certify and say:

1.   I represent the Creditor Clarendon National Insurance Company as well

as myself, Barbara A. Racz and the firm of Hennessy & Walker, against whom

Counsel for the Debtors has filed a motion seeking damages and sanctions for

purported violations of the Automatic Stay imposed by the Bankruptcy filing

by Debtors. I am of counsel to the Law Firm of Hennessy & Walker Group, PC.

2.   We were initially retained by Clarendon National Insurance Company to

assert a claim for damages against Debtor James D. Wright for property

damage he caused their insured, Francis M. Selmon (not a party to this

proceeding) in a motor vehicle accident on December 20, 1998. (Note:

Hennessy & Walker Group was known as O'Brien & Hennessy at the time of

our retention in 2001). We instituted suit in Superior Court, Camden County

(Special Civil Part) in August of 2001 for damages in the amount of

$4,160.50. (Copy of Complaint attached as Exhibit "A").

3. Defendant failed to answer the complaint or to produce insurance information with respect to the vehicle he was operating so we eventually obtained default judgment against Mr. Wright in or about September of 2001. (Copy of Judgment annexed as Exhibit "B"). Thereafter, we filed an SR-38 form with the Court and correspondence requesting that the Court forward a certified copy of our judgment to Motor Vehicles to effectuate the suspension of Mr. Wright's driving privileges. (See Correspondence to the Court dated December 28, 2001, annexed as Exhibit "C"). Thereafter, Motor Vehicle Services suspended Mr. Wright's driving privileges and advised us of same in a letter dated June 12, 2002. (See Exhibit "D"). No further action to enforce payment of the judgment has ever been taken by this Firm or anyone in the Firm since 2001 (except debtor's call to our office in August 2009 to arrange a payment plan as outlined below).

4. In or about August of 2009, Defendant contacted us and agreed to make payments towards the amount owed under the judgment in exchange for our consent to have his driving privileges restored. Mr. Wright forwarded a single payment in the amount of $500.00 which we deposited into our trust account. In the normal scheme of things we would then have filed a fully signed consent order for filing and signature by the Court advising the Court of the payment and offering our consent to the restoration of the defendant's driving privileges. Ultimately, it is up to the Judge whether to sign the Order and to direct Motor Vehicles to restore Mr. Wright's driving privileges. But we can offer our consent and we can request that the Court enter such an order. But before we could undertake such action, Counsel for debtor filed a Petition for Bankruptcy, demanded the return of the $500.00 payment and advised us that

an automatic stay was imposed on any further action in the case. (See correspondence from William Oliver, Jr. Esq. to my office attached as Exhibit "E"). In compliance with that announcement, we ceased any and all action with respect to Mr. Wright.

5. I immediately wrote to counsel on August 20, 2009, requesting that he provide me with whatever statute, order or other authority he was relying upon in requesting a return of the $500.00 payment. (See copy of e-mail dated August 20, 2009). I never heard back from counsel until the within motion was filed. In fairness to counsel, it appears that I sent my correspondence to the incorrect e-mail address and for that I have apologized to counsel and extend that apology to the Court as well for omitting one letter in the email address by accident which was pure oversight on my part. The e-mail was never returned as "undelivered" so I didn't realize it never reached counsel. (Copy of e-mail is annexed as exhibit "E").

6. Once the within motion was filed I immediately reached out to counsel to discuss the matter but all of my phone calls were ignored by counsel. So I wrote to counsel instead on September 25, 2009 and provided him with a copy of my prior e-mail to inquire why he had decided to file a motion for sanctions when I had been cooperative and responsive to his office. (See correspondence to Mr. Oliver dated September 25, 2009 attached as Exhibit "F").

7. Mr. Oliver wrote me again advising that he had not received my e-mail. In response I immediately called Mr. Oliver to discuss the matter (September 25, 2009) and to resolve our differences. I believe I called his office twice that day without success as Mr. Oliver again ignored my calls and his receptionist

again indicated that he was "with clients" each time I called as she had done on each prior occasion. I decided to call his office after hours in the hope of avoiding his receptionist which worked as Mr. Wright answered the phone (without knowing who was calling) and I forced him to discuss the case. Surprisingly, Mr. Wright couldn't even recall who I was or what the case was about when I first called. When I told him I was the attorney that he had filed a motion against seeking sanctions, he still didn't know who I was. I was astonished to hear that Mr. Oliver is the type of lawyer that takes requests for sanctions so lightly that he couldn't even recall my name.

8. During that phone call with Mr. Oliver, I explained that my understanding was that all litigation was stayed by the filing of his bankruptcy petition on behalf of Mr. Wright so I had done nothing else with the Court or with respect to the $500.00 payment his client previously sent our office. I also asked him to tell me what it was that he believed I was obligated to do (with respect to getting his client's drivers license restored). It was at that point, when he responded that I should call Motor Vehicles and tell them to restore Mr. Wright's license that I realized Mr. Oliver had no idea how that process took place. So I advised Mr. Oliver of the need for an Order to be signed by the State Court Judge that would then be forwarded to Motor Vehicles in order to accomplish the restoration he was seeking. I told him to prepare one and I would sign on behalf of my client if that is what the automatic stay required. Or if he believed it could be accomplished in some other manner I would gladly assist his office. (It seems counterintuitive to think that a stay imposes an affirmative duty to act but I told Mr. Oliver repeatedly I would do it and asked him to please provide me with some authority or direction as to the

requirement for doing so). I also asked Mr. Oliver to withdraw his motion against my firm and my clients and he indicated he would think about it and get back to me. I then wrote Mr. Oliver a detailed letter outlining our conversation and waited for his further direction and input on how he wished to proceed (See correspondence dated September 29, 2009, annexed as Exhibit "G").

8. To date Mr. Oliver has never written or called me to provide any direction on how to proceed to get his client's driving privileges restored. I can imagine that his client would be quite upset to learn that I had offered to do whatever was necessary to restore his driving privileges only to be completely ignored by his counsel. Nonetheless, in the spirit of cooperation I placed several more calls to Mr. Oliver's office to remind him about where we left off (after writing the September 25th letter) and that I was awaiting his further direction. Each call was again met with a receptionist who indicated that Mr. Oliver was "with clients" each time I called. I have left my cell phone number with his receptionist and provided it in letters to Mr. Oliver with an invite to call me at any time (morning, noon or night) to discuss this case. Nonetheless he refuses to call me to discuss the case or this motion. I again wrote Mr. Oliver on October 16, 2009 after several failed attempts to contact him by phone to memorialize my efforts. (See Correspondence annexed as Exhibit "H")

9. I have made every effort to cooperate with Mr. Oliver. His conduct in failing to respond or communicate with me to the mutual benefit of his client is appalling and sanctionable and should not be condoned by this Court. The motion he has filed is one aimed at compelling non-cooperative parties into doing what is required under the provisions of the Bankruptcy Code. Here, it

articulated a single legitimate action that I have failed to undertake to assist him in that regard. Mr. Oliver is clearly using this motion as sword instead of the shield for which it was intended (i.e. threats of sanctions and the hope of getting additional fees awarded to him).

10. And if Mr. Oliver is correct, that his client's driving privileges should be restored before the judgment has even been discharged by the Bankruptcy Court, why hasn't he just contacted Motor Vehicles himself to obtain the restoration of his client's driving privileges. I have no authority or control over Motor Vehicles to direct them to take any particular action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 19, 2009

/s/ Robert W. Allen
Robert W. Allen, Esq.

1205-67     1005-27

O'BRIEN & HENNESSY
230 Main Street
Toms River, New Jersey 08753
Telephone No. (732) 505-4800

| Demand Amount: | $ 4,160.50 |
| Filing Fee: | $ |
| Service Fee: | $ |
| Attorney's Fee: | $ |
| TOTAL: | $ |

Attorney for Plaintiff
File No.: 1005-27

Clarendon National Insurance
Company A/S/O Francis M. Selmon
          Plaintiff(s)

          vs.

FILED
AUG 20 2001
SUPERIOR COURT, NJ
SPECIAL CIVIL PART

James D. Wright

          Defendant(s)

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION, SPECIAL CIVIL PART
:
: MERCER COUNTY
: 175 South Broad Street
: P.O. Box 8068
: Trenton, NJ 08650
: 609-278-7975
:
: Docket No.: DC 5457-01
:
: Civil Action
:
: **Summons**
:
: Tort

Defendant(s) Information: Names, Address & Phone:

James D. Wright
134 Lakeside Blvd.
Yardville, NJ 08620

Date Served: _____ AUG 24 2001 _____

**RETURN OF SERVICE IF SERVED BY COURT OFFICER** (For Court Use Only)

Docket No: _____ Date: _____ Time: _____
WM__ WF__ BM__ OTHER__ HT__ WT__ AGE__ MUSTACHE__ BEARD__ GLASSES__
NAME: _____ RELATIONSHIP: _____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____ Court Officer

**RETURN OF SERVICE IF SERVED BY MAIL** (For Court Use Only)

I, Dawn Ritter                          AUG 24 2001
_____, hereby certify that on _____
I mailed a copy of the within summons and complaint by regular and certified
mail, return receipt requested.

_Dawn Ritter_ Employee Signature

AUG 27 2001          EXHIBIT A

O'BRIEN & HENNESSY
230 Main Street
Toms River, New Jersey 08753
(732) 505-4800

Attorney for Plaintiff(s)
File No.: 1005-67

| Clarendon National Insurance Company a/s/o Francis M. Selmon | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION—CAMDEN COUNTY<br>: **SPECIAL CIVIL PART** |
|---|---|
| Plaintiff, | :<br>: Civil Action<br>: |
| Vs. | : Docket No.:<br>: |
| James D. Wright | : **COMPLAINT**<br>: |
| Defendant | |

The Plaintiff, Clarendon National Insurance Company a/s/o Francis M. Selmon, with its regional offices located in Teaneck, New Jersey, by way of complaint against the Defendant herein says:

<u>**FIRST COUNT**</u>

1. Plaintiff, Clarendon National Insurance Company, is a business entity authorized to transact business in the State of New Jersey.

2. Francis M. Selmon, upon information and belief, is insured with Clarendon National Insurance Company, and an adult residing at 48 Tecomseh Trail, Browns Mills, New Jersey. On or about December 20, 1998, Plaintiff's Vehicle while traveling south on County Road 530, Lakehurst Road, Browns Mills, New Jersey was slowing down attempting to make a left turn into the Midtown Plaza.

3. Defendant, James D. Wright is an adult residing at 134 Lakeside Blvd., Yardville, NJ 08620, and on or about December 20, 1998 was the operator of a certain 1991 Truck, bearing New Jersey License Plate No. KF945J and VIN No. 1FTEX15H3MKA06021.

4. On or about December 20, 1998, the aforementioned vehicle was involved in an accident while traveling south on County Road 530, Lakehurst Road, Browns Mills, New Jersey.

5.  At the time and place aforesaid, Defendant, James D. Wright, operated the aforesaid vehicle, in a negligent, careless and/or reckless manner causing plaintiff's insured's vehicle to be struck from behind and to sustain damage.

6.  As a direct and proximate result of Defendant's negligence, carelessness, recklessness and/or other liability-producing conduct, extensive damage was caused to Plaintiff's insured's motor vehicle.

7.  Pursuant to the automobile policy herein mentioned, Plaintiff, Clarendon National Insurance, has incurred and paid expense and other damages on behalf of its insured.

**WHEREFORE**, the Plaintiff, Clarendon National Insurance, a/s/o Francis M. Selmon, demands judgment against the Defendant, in the amount of $4,160.50, which includes the Plaintiff's insured's deductible, plus interest, attorney's fees, and costs of suit.

### CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

O'BRIEN & HENNESSY

By:  _____
     Robert W. Allen
     Attorney for Plaintiff

Dated: August 16, 2001

## DESIGNATION OF TRIAL COUNSEL

Robert W. Allen is hereby designated as the trial counsel for the Plaintiff in the within matter.

O'BRIEN & HENNESSY

By: _____
Robert W. Allen
Attorney for Plaintiff

Dated: August 16, 2001

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff hereby demands of all Defendants in this matter for answers to Uniform Interrogatories Form E in accordance with Court Rule 6:4-3.

O'BRIEN & HENNESSY

By: _____
Robert W. Allen, Esq.
Attorney for Plaintiff

Dated: August 16, 2001

O'BRIEN & HENNESSY
230 Main Street
Toms River, New Jersey 08753
(732) 505-4800

Attorney for Plaintiff
File No.: 1005-07 27

| | |
|---|---|
| Clarendon National Insurance Company a/s/o Francis M. Selmon | : SUPERIOR COURT OF NEW JERSEY<br>: MERCER COUNTY<br>: LAW DIVISION |
| Plaintiff, | : **SPECIAL CIVIL PART**<br>: |
| vs. | : Civil Action<br>: |
| James D. Wright<br>Defendants. | : Docket No.: DC-005457-01<br>: |
| | : **FINAL JUDGMENT BY DEFAULT AND**<br>: **TAXING OF COSTS** |

Defendant, James D. Wright, having been duly served with process and a copy of the Complaint in the above-entitled action, and having been defaulted for failure to answer, appear or otherwise move as to the Complaint, and Defendant not being an infant or incompetent person; and Plaintiff having filed an Affidavit of Proof setting forth the items of the claim, amounts and dates, a calculation in figures of the amount of interest, the payments or credits, if any, and the net amount due;

**FINAL JUDGMENT** is on this 23 rd day of
Octbe , 2001, signed and entered in the sum of
$4,160.50 in damages, plus $73.81 in attorney's fees, plus
$49.00 in costs, totaling $ 4,283.31, in favor of Plaintiff,
Clarendon National Insurance Company and against the Defendant,
James D. Wright.

_____
                                    J.S.C.

EXHIBIT B



**O'BRIEN**
**&**
**HENNESSY**
**GROUP**

*NATIONWIDE SUBROGATION*

OF COUNSEL

JAMES J. GLUCK, ESQUIRE
MEMBER NJ AND PA BARS

ROBERT W. ALLEN, ESQUIRE
MEMBER NJ AND NY BARS

KERRY A. MCGRATH, ESQUIRE
MEMBER NJ AND NY BARS

December 28, 2001

Clerk of Superior Court
Mercer County
Special Civil Part
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650-6206

     RE:    Docket No. DC-005457-01
             Clarendon National Insurance Company a/s/o Francis M. Selmon vs.
             James D. Wright
             Our File No. 1005-67

Dear Sir or Madam:

    The undersigned represents the Plaintiff in the above referenced motor vehicle accident property damage negligence suit. A final judgment by default was entered by the court on October 23, 2001 in the amount of $4,160.50.

    As the Defendant has failed to satisfy the aforementioned judgment within 60 days of judgment, we respectfully request, in accordance with *N.J.S.A.* 39:6-35, that the court forward a certified copy of the final judgment, along with an SR-38, to the State of New Jersey Director of Motor Vehicle Services, in order to effectuate the suspension of Defendant Emma Perez's driver license. The Defendant's name, address and driver license number are as follows:

                James D. Wright
                134 Lakeside Blvd.,
             Yardsville, New Jersey 08520
             Date of Birth: 3/10/66
      Drivers License Number: _W741438364 03662_

    Please forward a copy of the communication with the NJDMVS to my attention in the enclosed self-addressed, stamped envelope. Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Robert W. Allen
For the Firm

RWA:meh

4/31

EXHIBIT C



# Motor Vehicle Services

RECEIV JUN 1 3 2002 D

BY: _____



TRENTON, NEW JERSEY 08666

STATE OF NEW JERSEY
DEPARTMENT OF TRANSPORTATION
Division of Motor Vehicles

1-609-292-4812
June 12,2002

File#   W7414 38364 03662

O'Brien & Hennessy Group
230 Main St.
Toms River, NJ  08753

RE:  Clarendon National Insurance a/s/o F.M. Selomon
vs.  James D. Wright

Gentlemen:

Effective this date June 19, 2002  we have suspended the driver license
and registration privileges of James D. Wright.

This suspension will remain in effect until the requirements of the Law
are satisfied.

Sincerely,

Carole McDonald, Supervisor
Judgment Section
Bureau of Driver Fitness & Control Unit

CM;sw

*Drive Friendly*
www.state.nj.us/mvs and www.cleanairnj.org
New Jersey is an Equal Opportunity Employer

EXHiBiT D

MV-3 (R1/99)

# Robert W. Allen

**From:** Robert W. Allen [rallen@subrogation.net]
**Sent:** Thursday, August 20, 2009 3:15 PM
**To:** 'bkoliver@aol.com'
**Subject:** James Wright - 1005-67

Dear Mr. Oliver,

I received your letter today indicating that you have filed a bankruptcy petition on behalf of James Wright. Therein you request that we return the $500.00 payment your client recently made to our office which is sitting in our trust account.

I am no expert in the field of bankruptcy so I ask that you please forward whatever case site, statute, court order or other authority upon which you base your request for the return of these funds to me for my review. In the interim, I will hold the funds in escrow.

Thanks.

**Robert W. Allen, Esq.**
*rallen@subrogation.net*
**Hennessy & Walker Group, PC**

217 Washington Street        574 Avenue of the Americas
Toms River, NJ 08753          New York, NY 10011
Tel: 732-505-4800              212-286-0200
Fax: 732-505-4813             212-883-0475

For further information regarding Hennessy & Walker, please visit our website at www.subrogation.net

Please consider the environment before printing this e-mail.

PLEASE TAKE NOTE: This transmission is a privileged and confidential communication by an attorney to an intended recipient. This Email is covered by the Electronic communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this Email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (732) 505-4800, and destroy the original message. Thank you for your anticipated cooperation.

*EXHIBIT E*

# TRANSACTION REPORT
SEP/25/2009/FRI 10:19 AM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | SEP/25 | 10:19AM | 17327757404 | 0:00:34 | 3 | OK | SG3 | 0670 |



# HENNESSY & WALKER GROUP, P.C.

## SUBROGATION NATIONWIDE

*OF COUNSEL*

ROBERT W. ALLEN, ESQ.
MEMBER NJ AND NY BARS

rallen@subrogation.net

September 25, 2009

***Via Facsimile 732-775-7404***

William H. Oliver, Jr.
Law Offices of William H. Oliver, Jr.
2240 Route 33 East, Suite 112
Neptune NJ, 07753

Re:   Clarendon Ins a/s/o Francis M. Selmon v. Wright
      Our File No.:     1005-67
      Date of Loss:    12/20/1998
      Amount of Claim:  $4,160.50

Dear Mr. Oliver:

I am the attorney handling this file and would appreciate you dealing solely with me with respect to this matter.

Attached is a copy of an e-mail I sent you which was clearly an attempt to cooperate with your office with respect to any obligations imposed by your recent bankruptcy filing on behalf of Mr. Wright.

Rather than respond to my e-mail, make a phone call or take any reasonable action to demonstrate why I was obligated to return Mr. Wright's funds, you filed a motion seeking to hold my firm in contempt of Court. This is a waste of the Court's time and mine. I remain willing to discuss this matter and to do what ever is required under the circumstances.

I realize that a bankruptcy filing imposes a stay on all court proceedings. We have not pursued this matter any further in court. Does it also impose an affirmative duty for me to perform certain actions? And if so, is that contained in a court order, a statute or something else??

While I can appreciate good lawyering and your desire to represent your client's interests, I find your request for sanctions (especially where I immediately responded to your request in a reasonable manner), completely unfounded and discourteous.

*EXHIBIT F*

Kindly return my call to your office today to discuss this case and lets see what resolution can be reached.

Very truly yours,

HENNESSY & WALKER GROUP, P.C.

Robert W. Allen
For the Firm



# HENNESSY & WALKER GROUP, P.C.
SUBROGATION NATIONWIDE

OF COUNSEL

ROBERT W. ALLEN, ESQ.
MEMBER NJ AND NY BARS

rallen@subrogation.net

September 29, 2009

Via Facsimile 732-775-7404

William H. Oliver, Jr.
Law Offices of William H. Oliver, Jr.
2240 Route 33 East, Suite 112
Neptune NJ, 07753

Re:    Clarendon Ins a/s/o Francis M.  Selmon v. Wright
       Our File No.:        1005-67
       Date of Loss:        12/20/1998
       Amount of Claim:     $4,160.50

Dear Mr. Oliver:

I apologize for the error made sending you my initial email in this matter.  I see now that I sent it to bkoliver@aol.com when your letterhead states that the address is bkwoliver@aol.com.  Strangely, I never received any sort of rejection so I was unaware that it had not been received by your office.

Nonetheless, I remain willing to cooperate with your requests and I have always honored the automatic stay imposed by the bankruptcy Court.  That stay prohibits me from advancing the Court case that was filed prior to the bankruptcy and prior to us obtaining a judgment against your client and suspension of his driving privileges. I have not done anything further to advance that case since the bankruptcy filing.

Where the disconnect appears to exist is in our different understanding of how your client gets his license restored.  When we request suspension of his driver's license that application is made, in part, through the Courts.  In order to restore the license we must mutually execute a Consent Order and seek the signature of a judge permitting the restoration of the license.  We don't just call DMV and say "suspend" or "un-suspend". The irony here is that your filing, and the automatic stay it imposes, seems to be the very thing preventing us from making that filing with the Court.  Again, this is not legal advice but rather my experience with these situations and how restorations have occurred in the past.  Of course if you successfully discharge our judgment, you are able to present that discharge to Motor Vehicles to get his license restored.  Again, this is what I have seen done in the past.

217 WASHINGTON STREET ✦ TOMS RIVER, NEW JERSEY 08753 ✦ TELEPHONE 732-505-4800 ✦ FAC
FEDERAL TAX IDENTIFICATION NO. 23-2877685 ✦ www.subrogation.net EXHIBIT  G

Nonetheless, if you believe I am incorrect then send me a consent order stating that your client filed bankruptcy and wants his license restored on that basis and I will gladly sign it as discussed. Likewise, if you believe the Division of Motor Vehicles can simply be contacted in some manner directly by you or me to restore his license, than please contact them with my blessing and consent. I will even join you on a conference call. But you must withdraw your motion against me and my firm before I will do anything beyond the requirements of the Bankruptcy Code.

But how you can claim that we have violated the stay because we have failed to proceed with the Court case seeking an Order restoring your client's driving privileges (which is the only way I am aware of to get his license restored) is beyond my comprehension. Aren't we stayed from making that application by virtue of the Automatic Stay imposed by your filing? And if not, why wouldn't you forward a Consent Order for me to sign and articulate why I was required to sign it or some other action you wanted me to take?

Again, I don't know how else to say it but I will help you in any way possible or in any way obligated. I am not the stumbling block here. But I don't run Motor Vehicles and they don't take directions from me.

Further, other than referring to the "automatic stay" you have also failed to tell me what legal basis requires me to send you a check for $500.00 (that's part of the requirement of the Automatic Stay?). Nonetheless, I will send you the $500.00 based on your representation that the bankruptcy code requires it. Again, at best, it was my understanding that I would normally pay those monies to a trustee if at all and not in the absence of a Court order directing where payment was to be sent. I never refused to do anything, I just sought to verify the basis upon which you claimed entitlement to receive what you were requesting and to make sure that I followed the requirements of the Code and the Court.

I remain available to you any morning, afternoon or evening to discuss this case or to facilitate whatever needs to be done or whoever needs to be contacted to restore your client's driving privileges. Call me on my cell at 732-600-0259 (I will not be returning to my office until Monday so please don't call me at the office until then).

You indicated you would research this matter further to ascertain how best to go about getting your client's license restored and what if any requirements I am under to assist in that regard. Again I ask that you withdraw this motion against me since you cannot even articulate what specific action I failed to take for which you now seek attorneys fees on the basis that I failed to take "those" necessary actions. I will continue to assist you, but you need to immediately withdraw your motion against me if you expect me to take any action above and beyond what is required under the Code to facilitate the restoration of your client's driving privileges. Otherwise you can expect the bare minimum cooperation (for which I am required) once you are able to articulate

what it is you are looking for me to do to assist you. Talk about shooting first and asking questions later.

I await your call or correspondence in that regard. I will have access to e-mails (not faxes) over the next couple of days so please e-mail me any correspondence you send. I truly wish you had called my office to discuss this case. You could have saved both of us a lot of time and aggravation if you didn't ignore my calls to your office. I am glad that I finally called you after hours tonight, when you were answering your own office phones (rather than your receptionist), so that we could finally discuss the issues and begin to work through them.

**I would also appreciate you filing my two letters on the Court's docket so we have a complete record before the Court.**

Very truly yours,

HENNESSY & WALKER GROUP, P.C.

Robert W. Allen
For the Firm

RWA/aao



# HENNESSY & WALKER GROUP, P.C.
SUBROGATION NATIONWIDE

OF COUNSEL

ROBERT W. ALLEN, ESQ.
MEMBER NJ AND NY BARS

rallen@subrogation.net

October 16, 2009

<u>*Via Facsimile 732-775-7404 and e-mail*</u>

William H. Oliver, Jr.
Law Offices of William H. Oliver, Jr.
2240 Route 33 East, Suite 112
Neptune NJ, 07753

Re:    Clarendon Ins a/s/o Francis M. Selmon v. Wright
      Our File No.:      1005-67
      Date of Loss:      12/20/1998
      Bankruptcy Case No.: 09-21247(RTL)

Dear Mr. Oliver:

On September 25, 2009 you and I spoke at length when I successfully contacted you for the first and only time having called after hours once your receptionist left the office. As you may recall you were supposed to call me back or forward correspondence outlining what cooperation you believed I was required to furnish in response to the automatic stay imposed by the bankruptcy filing. I have not received anything from you in that regard.

Nonetheless, and in my continued effort to be cooperative, despite the erroneous assertions made in your motion papers, I have tried calling you on three separate occasions to discuss the matter. Each call has been met with the standard response "he is with clients" and no return phone call is ever made.

During our last call I requested that you withdraw the motion filed against my firm and you indicated you would give that consideration. I have not filed formal opposition papers to your motion because I was waiting to hear back from you and expected that you would act professionally in that regard.

You have not returned a single phone call made to your office. As you know the motion is next week. I am now in the position of having to spend further time and effort to prepare opposition papers to your motion at which time I shall seek sanctions and costs against you and your firm. I have left my cell phone number with you and your secretary

EXHIBIT   H

and invited you to contact me to discuss this case at nearly any time of the day or night. I again extend that offer for today and over the weekend to hear from you whether you are withdrawing your motion against me or proceeding.

If I do not hear from you I shall furnish copies of all my letters to the Court on Monday and ask that your motion be adjourned so that I can interpose a cross-motion for costs and sanctions. You may be aware that several lawyers were recently admonished by the Court for conduct far less unprofessional than yours so you ought to be guided accordingly.

Very truly yours,

HENNESSY & WALKER GROUP, P.C.

Robert W. Allen
For the Firm

RWA/aao



# Hennessy & Walker Group, P.C.
SUBROGATION NATIONWIDE

U.S. BANKRUPTCY COURT
FILED
TRENTON, N.J

09 OCT 20 AM 9:52

JAMES J. WALDRON

BY:_____
DEPUTY CLERK

OF COUNSEL

ROBERT W. ALLEN, ESQ.
MEMBER NJ AND NY BARS

rallen@subrogation.net

October 19, 2009

Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Attn: Bankruptcy Court Clerk

     Re: In re James Daniel Wright and Lisa Marie Wright
        Case No.: 09-21247-RTL

Dear Sir/Madam,

     Enclosed is a CD containing my Certification in Opposition to the Motion scheduled to be heard on November 17, 2009 together with the Certificate on Non-Conformity.

     Also enclosed is a hard copy of my Certification in Opposition together with a stamped self-addressed envelope. Please return a filed copy of the papers to my office.

     I will provide a Certification with respect to Service under separate cover.

            Very truly yours,

            Hennessy & Walker Group, PC

            Robert W. Allen

RWA/encls.